[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CODED NO. 134CT Page 1017AND DEFENDANT'S MOTION FOR CONTEMPT CODED NO. 137
The plaintiff has filed a motion to modify pendente lite orders, and the defendant has filed a motion for contempt for failure of the plaintiff to comply with such orders.
Many of the facts that give rise to these two motions are not in dispute.
The defendant filed motions coded No. 105.02 and No. 105.03 dated November 27, 1995, for temporary custody, counsel fees, alimony pendente lite and support pendente lite. The parties entered into a stipulation and/or agreement dated January 16, 1996, coded No. 113 which the court approved of on January 16, 1996. That agreement provided in part regarding the issues of alimony and support as follows:
 The plaintiff shall pay the following: house mortgage, taxes, homeowner's insurance, electric bill, oil bill, cable T.V. bill, automobile insurance for both parties, and health insurance premium for children, and all unreimbursed medical expenses for the children. Plaintiff shall also pay $100 per week to the defendant for child support. Plaintiff shall also give to the defendant a blank check made out to "Stop and Shop," each week, for food and household expenses.
The plaintiff filed a motion to modify alimony and child support dated April 30, 1996, coded No. 121 alleging that there has been a substantial change in circumstances.
As a result of the plaintiff's motion to modify alimony and support coded No. 121, the court, on June 4, 1996, continued the prior pendente lite order entered on January 16, 1996, regarding the plaintiff's obligation to pay the mortgage, his obligation to pay taxes, his obligation to pay the homeowner's insurance, his obligation to pay the electric bill, his obligation to pay the oil bill, his obligation to pay the cable TV bill, his obligation to pay health insurance premiums for the children, and his obligation to pay all unreimbursed medical expenses for the children. The court terminated the plaintiff's obligation to provide automobile insurance for both parties thereby eliminating his obligation to provide automobile insurance for the defendant, and leaving it discretionary with the plaintiff as to whether to CT Page 1018 provide automobile insurance for himself. The court also eliminated the plaintiff's obligation to provide a weekly blank check payable to "Stop and Shop. " The court increased the weekly support obligation of the plaintiff from $100 weekly to $244.50 weekly.
The parties are in dispute as to whether the orders entered by the court on June 4, 1996, regarding the payment of the mortgage, taxes, homeowner's insurance, electric bill, oil bill, and cable TV bill are property orders, or are in the nature of alimony and/or support orders.
The plaintiff's motion to modify coded No. 134 is based on two separate grounds, namely, that the obligation to pay the mortgage and utilities is a property obligation and has been discharged in bankruptcy, and, secondly, on the grounds of a substantial change in circumstances. These claims will be discussed seriatim.
A. THE ISSUE OF WHETHER THE PENDENTE LITE ORDER TO PAY THE HOUSE MORTGAGE AND UTILITIES IS A PROPERTY ORDER, OR IN THE NATURE OF AN ALIMONY AND SUPPORT ORDER.
The parties are in agreement that obligations for alimony and support are not dischargeable in bankruptcy, but that obligations of the nature of property orders are dischargeable in bankruptcy. The plaintiff filed a petition in bankruptcy dated March 11, 1997. He was discharged in bankruptcy on or about July 22, 1997. The court finds that the pendente lite order for the plaintiff to pay the mortgage and household utilities is in the nature of an alimony order and not in the nature of a property order for the following reasons:
1. The initial pendente lite orders on January 16, 1996, were entered as a result of the agreement between the parties regarding the defendant's motion for alimony and support pendente lite. The January 16, 1996 orders were not entered as a result of any pending property motions.
2. While the court can enter pendente lite orders regarding possession of the family residence, it cannot enter pendente lite property orders.
3. The modification order entered by the court on June 4, 1996, was as a result of the plaintiff's motion to modify alimony CT Page 1019 and child support coded No. 121. The plaintiff did not file any motion to modify any property orders in the motion coded No. 121, but rather moved to modify the alimony and support orders.
4. The order entered by the court on June 4, 1996, was as a result of the plaintiff's motion to modify alimony and support orders.
5. Property orders are nonmodifiable, while alimony and support orders are modifiable. The court, on June 4, 1996, modified the prior order entered on January 16, 1996, by eliminating the obligation for the plaintiff to maintain automobile insurance for the defendant, by increasing child support from $100 to the child support guideline amount of $244.50 weekly, and by eliminating the plaintiff's obligation to provide a blank check for "Stop and Shop" weekly. The court, on June 6, 1996, could not have entered any order modifying the automobile insurance requirement or the requirement for the blank check to "Stop and Shop" if those orders had been property orders.
The court, therefore, finds that the orders entered by the court on June 6, 1996, were alimony and support orders and, therefore, were not discharged in bankruptcy.
B. THE ISSUE OF SUBSTANTIAL CHANGE IN CIRCUMSTANCES
The plaintiff, in his motion to modify coded No. 134, seeks to modify the existing order on the grounds that he does not have sufficient funds or the earning capacity to earn sufficient funds to meet the obligation. The issue before the court is whether there has been a substantial change in circumstances since the date the last financial order was entered, which, in this case, is June 4, 1996. The plaintiff's financial affidavit dated May 28, 1996, showed gross weekly income of $1200 and net weekly income of $669.80. He had assets of $53,500. His liabilities totaled $75,700. His total weekly expenses were $1,101.17. His financial affidavit dated October 14, 1997, shows net weekly income of $866.55. He has assets of $52,500. His liabilities total $36,582. His weekly expenses total $725.51. His assets have been reduced by $1000 from June 4, 1996 to October 14, 1997. His liabilities have been reduced by $39,117 during the same period of time. His weekly expenses have been reduced by $375.66 during the same period of time. The parties are in dispute as to the gross and net weekly income of the plaintiff. The parties are in agreement CT Page 1020 that any orders entered regarding the plaintiff's motion to modify pendente lite coded No. 134 would be retroactive to March 24, 1997.
The plaintiff has also submitted a financial affidavit dated July 22, 1997. Under that affidavit, he shows net weekly income of $423.08, total weekly expenses of $656.99, total cash value of assets of $54,650, and total liabilities of $37,554.
The court finds that the plaintiff continues to earn a gross of $1200 weekly and net weekly earnings of $669.80, and that he has an earning capacity in that amount. The court finds that there has been no substantial change in circumstances and, therefore, there are no grounds to modify the June 1, 1996 pendente lite order.
The existing pendente lite order remains in effect until the date the court files its memorandum of decision dissolving the marriage and entering financial orders. The issue of the amount of the arrearage, if any, as of the date the memorandum of decision is filed will be reserved for another hearing date.
The defendant has filed a motion for contempt coded No. 137 arising out of the plaintiff's failure to maintain the pendente lite orders. The court does not find the plaintiff in contempt insofar as his failure to maintain the pendente lite orders arising out of his belief that those orders were discharged in bankruptcy. However, the plaintiff also claims that he did not comply with those orders as a result of his inability to pay. The court finds that he has failed to prove inability to pay and, therefore, finds him in contempt of court and orders that he pay counsel fees to counsel for the defendant in the amount of $500 by March 1, 1998.
Axelrod, J.